UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ASCENSION ST. VINCENT RANDOLPH[1]    )
473 East Greenville Avenue    )
Winchester, IN 47394    )
    )
    )    Case No.  1:23-cv-0671
    Plaintiff,    )
    )
    vs.    )
    )
XAVIER BECERRA,    )
*Secretary of the United States Department of*    )
*Health and Human Services*    )
*Room 700-E*    )
*200 Independence Avenue, S.W.*    )
*Washington, D.C. 20201*    )
    )
    Defendant.    )


## COMPLAINT FOR AWARD OF SUMS DUE UNDER THE MEDICARE ACT

The Plaintiff, Ascension St. Vincent Randolph ("St. Vincent Randolph" or "Hospital"), by counsel, for its Complaint against the Defendant, alleges and states:

INTRODUCTION

1.    Plaintiff Hospital seeks judicial relief for inadequate payments made by the Centers for Medicare and Medicaid Services ("CMS"), as the Administrative Agency for the Medicare Program, during Federal Fiscal Years ("FFYs") 2004-2009 for interest expense paid by the Hospital on debt incurred for construction of a new hospital facility and for litigation interest in accordance with 42 U.S.C. 1395oo(f)(2).

---

[1] St. Vincent Randolph Hospital, Inc. was renamed Ascension St. Vincent Randolph in 2019.

2. The Medicare program was established under Title XVIII of the Social Security Act, as amended ("Act"), to provide health insurance to eligible individuals.

3. CMS is the operating component of the Department of Health and Human Services ("the HHS") charged with administering the Medicare program. CMS's payment and audit functions under the Medicare program are contracted to organizations known as Fiscal Intermediaries ("FIs") now known as Medicare Administrative Contractors ("MACs"). The MACs determine payment amounts due to providers under Medicare law, regulation and interpretive guidelines published by CMS.

4. "Cost Reports" are required from providers on an annual basis with reporting periods based on the providers' accounting period. A Cost Report shows the costs incurred by participating providers during the relevant period and the portion of those costs to be allocated for payment by Medicare. 42 C.F.R. §413.20.

5. The MAC reviews the Cost Reports, determines the total amount of Medicare reimbursement due the provider, and issues the provider a Notice of Program Reimbursement ("NPR"). Id. §405.1803.

6. A provider dissatisfied with the MAC's final determination of total reimbursement may file an appeal with the Provider Reimbursement Review Board ("PRRB") within 180 days of the receipt of the NPR. 42 U.S.C. §1395oo(a); 42 C.F.R. §§405.1835-37.

7. This is a dispute about whether St. Vincent Randolph was properly reimbursed for interest expense, including litigation interest pursuant to 42 U.S.C. §1395oo(f)(1)-(2), it incurred in FYs 2004 – 2009 in conjunction with bond debt related to the construction of a new hospital facility. The Hospital challenges the final determination of Medicare reimbursement determined by the MAC for those fiscal years.

JURISDICTION AND VENUE

8.      This is a civil action arising under Title XVIII of the Social Security Act, 42

U.S.C. §1395, et seq. ("Medicare Act") and 5 U.S.C. §701, et seq. (Administrative Procedures

Act ("APA")) to obtain judicial review of determinations of the Secretary, and the MAC, that

resulted in improper payments under the Medicare Act.

9.      This Court has jurisdiction over this action pursuant to 42 U.S.C. §1395oo(f), 28

U.S.C. §1331, and 28 U.S.C. §1361.

10.     Venue lies in this judicial district pursuant to 42 U.S.C. §1395oo(f)(1) and 42

C.F.R. §405.1877(e).

THE PRRB AND THE MEDICARE ADMINISTRATIVE REVIEW PROCESS

11.     Medicare providers dissatisfied with a final determination of the Medicare

Program regarding payments for a given cost reporting year may administratively appeal the

determination to the Provider Reimbursement Review Board ("PRRB" or "Board").  The PRRB

is an administrative body that adjudicates disputes over payment and reimbursement as part of

the administrative review process within HHS.  42 U.S.C. §1395oo.

12.     Review by the PRRB is part of the process by which a party affected by a

Medicare final determination may exhaust administrative remedies and seek correction within

the processes established by statute and regulation for internal agency review and correction.

13.     The PRRB has the power to affirm, modify, or reverse a final determination of the

MAC with respect to a Cost Report and to make any other revisions on matters covered by such

Cost Report.  42 U.S.C. §1395oo(d).

14.     A decision of the PRRB is final unless the Secretary, within 60 days after the

provider of services is notified of the PRRB's decision, decides to review the Board's decision.

Providers have the right to then obtain judicial review of the determination of the PRRB or the Secretary by a civil action initiated within 60 days of the date on which notice of any final decision is received.  42 U.S.C. §1395oo(f)(1).

15.     St. Vincent Randolph timely appealed the MAC's denial of reimbursement for the interest expense to the PRRB.

<u>STATEMENT OF FACTS</u>

16.     St. Vincent Randolph is licensed by the State of Indiana and is a corporate subsidiary of St. Vincent Health, which itself is a subsidiary of Ascension Health.

17.     Ascension Health was formed in November, 1999, by three Roman Catholic religious orders that included the Daughters of Charity of St. Vincent de Paul, the Sisters of St. Joseph of Nazareth, and the Congregation of the Sisters of St. Joseph of Carondelet.

18.     St. Vincent Health  began the process of acquiring the former Randolph County Hospital in 1999.  St. Vincent Health formed St. Vincent Randolph Hospital, Inc., as an Indiana non-profit corporation, with St. Vincent Health as its sole corporate member.  St. Vincent Randolph was incorporated to become the operator of the former county hospital.  St. Vincent Health also operated another hospital, St. Vincent Hospital & Health Care Center, Inc., commonly referred to as St. Vincent Indianapolis.

19.     Shortly after St. Vincent Randolph became affiliated with St. Vincent Health, St. Vincent Randolph borrowed funds from St. Vincent Indianapolis to construct a new facility.  The amount of the loan between the related parties was approximately $15.5 million.  At the time of the related party loan, the intent was that the related party loan would be short-term financing and that long-term debt financing would ultimately be arranged.

20.    The short-term loan between St. Vincent Indianapolis and St. Vincent Randolph was made because existing bond covenants required modification before St. Vincent Randolph could be made part of the Ascension Health system for purposes of bond financing.

21.    In 2003, St. Vincent Randolph became eligible to become an obligated member of the Ascension Health Obligated Group ("Obligated Group").  As a member of the Obligated Group, St. Vincent Randolph was able to participate in the Ascension Health Bond Financing Program.

22.    Through its membership in the Obligated Group, St. Vincent Randolph incurred a debt of $15,568,979.88.  This new debt was used to repay the 2002 loan between St. Vincent Indianapolis and St. Vincent Randolph.

23.    For the FYs 2004, 2005, 2006, 2007, and 2008, St. Vincent Randolph claimed the interest paid on the bond debt as an allowable expense on its cost reports submitted to the MAC. The MAC, however, denied the interest expense and removed it from St. Vincent Randolph's cost reports for each of those fiscal years.  St. Vincent Randolph then initiated the appeal with the PRRB for the reversal of the MAC's determination.

24.    On February 11, 2014, the PRRB conducted a hearing on the appeal and ultimately reversed the decision of the MAC finding that the MAC's disallowance of interest expense for St. Vincent Randolph's cost reporting periods for FYs 2004 – 2008 was improper and reversing the MAC's adjustments to the cost reports.

25.    The PRRB's decision was subsequently reviewed by the Administrator of CMS. On April 5, 2015, the Administrator issued its decision reversing the PRRB's decision in favor of St. Vincent Randolph.

26.     St. Vincent Randolph timely filed its complaint for judicial review in this District Court on May 14, 2015. The case was assigned to The Honorable Judge Tanya Walton Pratt.

27.     Following the filing and briefing of cross-motions for summary judgment, the District Court entered its order granting the Secretary's Motion for Summary Judgment and denying the Hospital's Motion for Summary Judgment on September 26, 2016.

28.     Following the entry on the cross-motions for summary judgment, St. Vincent Randolph appealed the Court's ruling to the United States Circuit Court for the Seventh Circuit on December 28, 2016.

29.     Following the briefing on the issues by the parties, the Seventh Circuit heard oral arguments on March 11, 2017, and issued its opinion on August 22, 2017, in which the Court vacated the District Court's judgment and remanded the case to the District Court with instructions to further remand the case to the Secretary for proceedings consistent with the Seventh Circuit's opinion.

30.     Upon receipt of the case from the Seventh Circuit on October 17, 2017, the District Court remanded the case to the Secretary who, in turn, on April 1, 2018, remanded the case to the PRRB for further proceedings.

31.     While the cases pended before the PRRB, St. Vincent and the MAC reached an agreement on the amount of recoverable interest on the loans incurred by St. Vincent for construction of the new hospital.  The MAC issued proposed administrative resolutions ("AR") for each appeal covering fiscal years 2004 through and including 2009.

32.     The proposed ARs included reimbursement of the loan interest in the amount of 95.69% of the amounts claimed by St. Vincent.  St. Vincent agreed and accepted the reduction to its claim to interest expense.  Thus, the parties reached a settlement in principle on the amount of

6

recoverable claimed interest and the parties stipulated that it was undisputed that St. Vincent is owed 95.69% of the claimed allocated interest for fiscal years 2004 through 2009 as reflected in the proposed ARs. However, the ARs did not include an award of litigation interest pursuant to 42 U.S.C. §1395oo(f)(2), that had been demanded by St. Vincent.

33.    The parties further stipulated before the PRRB that there remained no issues in dispute regarding the claimed allocated interest expense outside of the litigation interest issue. The parties stipulated that the record was complete and there was no additional briefing required on the allocated interest expense for Fiscal Years 2004 through 2009 as reflected in the proposed ARs or any other issues.

### ST. VINCENT RANDOLPH IS ENTITLED TO REIMBURSEMENT FOR THE INTEREST EXPENSE INCURRED ON THE BONDS ISSUED FOR CONSTRUCTION OF THE NEW HOSPITAL

34.    Interest expense is generally not allowable under Medicare unless it is incurred on "indebtedness established with lenders or lending organizations not related through control, ownership, or personal relationship to the borrower." 42 C.F.R. §413.153.

35.    However, if a Medicare provider is operated by members of a religious order and borrows from the order, the interest is allowable under Medicare regulations. Id. §413.153(c)(2). This exception is commonly known as the "Mother House" exception. CMS's Provider Reimbursement Manual ("PRM") providers:

> Providers owned and operated by members of religious orders
> often obtain funds from loans from the Mother House or
> Governing Body of the religious order. Where there is a
> contractual agreement for the payment of interest, and for the
> eventual repayment of the loan, the interest expense is allowable as
> cost provided the interest is applicable to the period after the
> certification of the institution as a provider. Interest expense
> incurred during a reporting must be paid within the succeeding
> reporting period.

PRM-1 §220, CMS Pub. No. 15-1 §220

36.     PRM-15-1 §202, further explains that for interest to be allowable, it must be:

    a.     Supported by evidence of an agreement that funds were borrowed and that payment of interest and repayment of the funds are required;

    b.     The interest must be identified in accounting records;

    c.     The interest must be related to the reporting period in which the costs are incurred; and

    d.     The interest must be necessary and proper for the operation, maintenance, or acquisition of facilities.

37.     St. Vincent Randolph satisfied both the substantive and documentation requirements for reimbursement of the interest expense incurred on the construction of the new facility for the fiscal years 2004 through 2009.  As noted above, St. Vincent Randolph and the MAC reached agreement on the amount of recoverable interest on the bond obligation for construction of the new hospital.  The settlement was documented in the AR's and in the Joint Stipulation of Facts and Proposed Disposition submitted to the PRRB.

38.     The PRRB relied on the foregoing regulatory provisions and the settlement reached by the parties in both its 2015 and 2023 decisions in favor of St. Vincent Randolph Hospital.

<u>ST. VINCENT RANDOLPH IS ENTITLED TO
LITIGATION INTEREST PURSUANT TO 42 U.S.C. §1395OO(F)(1)-(2)</u>

St. Vincent Randolph Hospital, having prevailed before the Provider Reimbursement Review Board as reflected in its final decision dated February 17, 2023, is entitled to not only the interest on the bond obligation for the construction of the new hospital, but is also entitled to litigation interest pursuant to 42 U.S.C. §1395oo(f)(1)-(2).  That provision of the Medicare Act provides in pertinent part:

> Where a provider seeks judicial review pursuant to paragraph (1),
> the amount in controversy shall be subject to annual interest
> beginning on the first day of the first month beginning after the
> 180-day period as determined pursuant to subsection (a)(3) and
> equal to the rate of interest on obligations issued for purchase by
> the Federal Hospital Insurance Trust Fund for the month in which
> the civil action authorized under paragraph (1) is commenced, to
> be awarded by the reviewing court in favor of the prevailing party.

42 U.S.C. §1395oo(f)(2).  This statutory provision is mandatory and is to be awarded by the

reviewing court in favor of the prevailing party.  St. Vincent Randolph Hospital is the prevailing

party under the decision of the PRRB dated February 17, 2023, and is entitled to an award of the

statutory litigation interest by this reviewing court.

PRAYER FOR RELIEF

WHEREFORE, Ascension St. Vincent Randolph prays for judgment as follows:

1.    For an Order requiring CMS to reimburse the interest costs as specified by the

administrative resolutions agreed to by the parties.

2.    For an Order requiring CMS to pay St. Vincent Randolph litigation interest

pursuant to 42 U.S.C. §1395oo(f)(1)-(2); and

3.    For such other relief as this Court deems appropriate.

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

_/s/ N. Kent Smith_
N. Kent Smith, Attorney No. 1777-49
500 N. Meridian Street, Suite 400
Indianapolis, IN  46204-1293
(317) 977-1419
*Attorneys for Plaintiff, Ascension St. Vincent Randolph*

4888-1072-5213v1